**Lussier v. Subaru of N.E. et al.      CV-99-109-B    06/28/00**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


**George Lussier, et al.**

    **v.**                                    Civil No. 99-109-B
                                           Opinion No. 2000 DNH 149
**Subaru of New England, et al.**


### MEMORANDUM AND ORDER


Subaru of New England, Inc. ("SNE") and Ernest J. Boch have

asked Magistrate Judge Muirhead to vacate his Report and

Recommendation of February 15, 2000 and disqualify himself from

further proceedings in this case.  Defendants argue that the

Magistrate Judge must disqualify himself because: (1) he has

knowledge of evidentiary facts; (2) he represented clients when

he was in private practice who have a relationship with the

parties in the present case; and (3) he made remarks during an

evidentiary hearing that would cause a reasonable person to

question his impartiality.  For the reasons set forth in this

order, I deny defendants' motion.

**I.**

## A.   The Current Litigation

Seven current and former New England Subaru Dealers filed a class action complaint against SNE and its sole shareholder, Ernest Boch.  The complaint's core allegation is that defendants engaged in an "option-packing scheme" by which they conditioned a dealer's right to acquire certain desirable vehicles on the dealer's agreement to purchase unwanted accessories.

Plaintiffs filed a motion for preliminary injunction claiming that they require injunctive relief because SNE is retaliating against them and other members of the class in an effort to impede their ability to prosecute their claims.  Pls.' Mot. for T.R.O. and Prelim. Inj. (doc. #43) at 5.  I assigned the motion to Magistrate Judge Muirhead.  After conducting an evidentiary hearing, he issued a report recommending that I grant plaintiffs' request for a preliminary injunction.  See Report and Recommendation (doc. #80).

On April 17, 2000, I issued an order declining to enjoin SNE

from continuing with a pending state court dealer termination proceeding but reserving judgment concerning the Magistrate Judge's remaining recommendations.

Defendants filed their disqualification motion on May 9, 2000. The Magistrate Judge responded with an order in which he: (1) denied that he harbors any personal bias or prejudice concerning any party; (2) denied that he has knowledge of any evidentiary facts; (3) produced additional information concerning the events described in the motion; and (4) referred the motion to another judge for resolution.

## B. The Magistrate Judge's Former Clients

### 1. Grappone Subaru, Inc.

The Magistrate Judge represented Grappone Subaru, Inc. in an action against SNE that commenced on or about January 31, 1992 and concluded less than two months later.[1] The case concerned a dealer termination proceeding in which Grappone was alleged to

_____

[1] Judgment was entered by agreement on or about March 6, 1992. The judgement later was amended on June 15, 1993 and October 5, 1993.

have violated its dealer agreement with SNE by moving to a dual franchise site without SNE's consent.  The dispute was resolved amicably and the Magistrate Judge incurred fewer than 20 hours of time charges while representing Grappone.

2.  Bournival, Inc.

The Magistrate Judge represented the New Hampshire Automobile Dealer's Association ("NHADA") and 12 General Motors dealers in an action challenging the way in which vehicles were allocated between retail and fleet purchasers.  See New Hampshire Auto. Dealers Ass'n, Inc. v. General Motors Corp., 620 F. Supp. 1150 (D.N.H. 1985), aff'd in part, vacated in part by 801 F.2d 528 (1st Cir. 1986).  Bournival, Inc. was one of the Magistrate Judge's clients in the litigation.  The owner of Bournival, Richard D. Bournival, formerly owned a majority interest in a New England Subaru dealership.

3.  NHADA

The NHADA takes public positions in opposition to distributors such as SNE.  The NHADA's current legal counsel

serves as counsel to the plaintiffs in this action. The president of the NHADA also attended a meeting of the New England Subaru Dealers Association on September 29, 1998 that SNE contends was convened for the purpose of "planning how to proceed against SNE." Mem. in Supp. of SNE and Boch's Mot. to Disqualify and Vacate (doc. #104) at 5.

The Magistrate Judge represented the NHADA throughout the 1970s and 1980s. By 1992, however, only a minuscule fraction of the Magistrate Judge's annual billings were attributable to work he performed for the NHADA. The Magistrate Judge's former law firm closed its last NHADA file on September 22, 1994.

## II.

Defendants argue that the Magistrate Judge must disqualify himself for three reasons. First, they assert that he "has personal knowledge of, and arguably could be a material witness to, disputed evidentiary facts." Id. at 4. Accordingly, they claim that he must disqualify himself pursuant to 28 U.S.C. §

455(b)(1).[2]  Second, they argue that he must disqualify himself

pursuant to 28 U.S.C. § 455(a)[3] because a reasonable person would

question his ability to preside impartially in the present action

in light of his former representation of Grappone, Bournival, and

the NHADA.  Finally, they claim that he must disqualify himself

pursuant to § 455(a) because he made certain statements during

the preliminary injunction hearing that give rise to an

appearance of partiality.  I address each argument in turn.

## A.    Section 455(b)(1) - Knowledge of Evidentiary Facts

Defendants argue that the Magistrate Judge must disqualify

himself because he has knowledge of evidentiary facts concerning

SNE's termination policies.  Although defendants assert that the

Magistrate Judge acquired this information when he represented

Grappone in 1992, they have produced no evidence to support their

---

[2]  Section 455(b)(1) provides in pertinent part that a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1) (1994).

[3] Section 455(a) provides in pertinent part that a judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a) (1994).

assertion.  Nor have they explained how any information that the Magistrate Judge acquired when he represented Grappone could be relevant in this lawsuit.  Their only argument - that the Magistrate Judge must have knowledge of evidentiary facts because he represented Grappone in 1992 and testimony was presented during the preliminary injunction hearing concerning SNE's reaction to Grappone's termination - simply does not satisfy the burden of proof.  Since defendants have failed to produce any evidence to counter the Magistrate Judge's assertion that he has no knowledge of any evidentiary facts, disqualification is not warranted pursuant to § 455(b).

B.   **Section 455(a) - Former Clients**

Defendants claim that the Magistrate Judge must disqualify himself pursuant to § 455(a) because he represented Grappone, Bournival, and the NHADA when he was in private practice.  To evaluate this claim, I must determine whether "a reasonable person, fully informed of all the facts, would doubt [the Magistrate Judge's] impartiality."  In re United States (Lorenzo

<u>Munoz Franco, et al.)</u>, 158 F.3d 26, 31 (1st Cir. 1998).

The Magistrate Judge's former representation of Grappone, Bournival, and the NHADA, considered both individually and in the aggregate, would not cause a reasonable person to question his impartiality in the present case. First, while disqualification may be required in certain instances where a judge's former client is a party in a case assigned to the judge, none of the Magistrate Judge's former clients are parties in the present action. Furthermore, Grappone's lawsuit against SNE was hardly the kind of hotly contested dispute that could cause a reasonable person to fear that the Magistrate Judge harbors an undisclosed bias against SNE that has not dissipated during the last eight years.

The Magistrate Judge's prior representation of Bournival and the NHADA have even less to do with the present case than does his representation of Grappone. The Magistrate Judge never represented Richard Bournival's Subaru dealership and his representation of Bournival, Inc. was limited to a claim against

General Motors.  Moreover, defendants do not allege that the Magistrate Judge took positions on behalf of Bournival in the General Motors case that would predispose him to rule adversely to defendants in this case.  Thus, the Magistrate Judge's representation of Bournival would not cause a reasonable person to question his impartiality.

Defendants suggest that the Magistrate Judge's representation of the NHADA prevents him from participating in this case because (i) the NHADA was involved with the plaintiffs in planning this lawsuit, and (ii) the NHADA takes public positions that are contrary to the interests of distributors such as SNE.  I disagree.  If the NHADA participated in the planning of this case, its involvement occurred years after the Magistrate Judge had ceased representing the NHADA.  Moreover, nothing in the record suggests that this is the unusual case where the views of an organization should be attributed to an attorney who formerly represented the organization.  Defendants do not claim that the Magistrate Judge has any continuing professional or

personal relationship with the NHADA. They have presented no evidence to suggest that the Magistrate Judge ever took public positions on the NHADA's behalf that were so extreme as to call into question his ability to participate impartially in this case. In the absence of evidence of this sort, his former representation of the NHADA would not cause a reasonable person to question his ability to sit impartially in this case.

## C.  Section 455(a) - The Preliminary Injunction Hearing

Defendants also cite two comments that the Magistrate Judge made during the preliminary injunction hearing to support their disqualification motion.  They first point to a statement that he made when ruling on an evidentiary objection.  Defendants' counsel had asked a witness to state whether a particular dealership agreement contains a provision requiring the dealer to notify SNE of any change in the ownership of the dealership.  Plaintiff's counsel objected because he asserted that the question was governed by state law rather than by the terms of the agreement.  In commenting on counsel's objection, the Magistrate Judge stated: "Manufacturers always put things in that are inconsistent with what the statute permits.  That's a question of law."  Tr. of Prelim. Inj. Hr'g, Volume I (doc. #70) at 121.  Defendants next cite the following question that the Magistrate Judge put to defense counsel during the hearing: "Isn't it a fact that a distributor or manufacturer could go into any dealer in the United States for any franchise and find

-12-

something that's in violation of the franchise agreement? They're written that way, aren't they?" Tr. of Prelim. Inj. Hr'g, Volume II (doc. #71) at 106-07. Defendants suggest that both statements give rise to an appearance of partiality that invalidates the Magistrate Judge's report and recommendation and requires him to disqualify himself from further proceedings in this case.

While the Magistrate Judge undoubtedly could have phrased his remarks in a less confrontational manner, they do not reflect the kind of hostility toward one of the parties that would cause a reasonable person to question his impartiality. A judge must remain skeptical of the arguments and evidence that are presented to him by counsel and it is vitally important for any judge to vigorously test such arguments and evidence. The Magistrate Judge's comments fall within the bounds of acceptable commentary. Cf. In re United States, 158 F.3d at 34 (determining that questioning that "went too far" and was "overly confrontational" nevertheless did not require disqualification). Accordingly, the

Magistrate Judge's statements do not warrant disqualification.


## III.

In summary, the Magistrate Judge is not required to disqualify himself based on his prior representation of Grappone, Bournival, and the NHADA. Nor must he disqualify himself based on his comments during the hearing on the motion for preliminary injunction. Defendants' motion to disqualify and vacate (doc. #104) is denied.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

June 28, 2000

cc:  Richard McNamara, Esq.
     William Kershaw, Esq.
     Michael Harvell, Esq.
     Howard Cooper, Esq.
     Robert Cordy, Esq.